IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| RETRACTABLE TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> OCCUPATIONAL & MEDICAL INNOVATIONS, LTD.; <br><br> Defendants. | Civil Action No. 6:08-cv-120 <br><br><br><br> JURY TRIAL DEMANDED |

### ANSWER OF OCCUPATIONAL & MEDICAL INNOVATIONS, LTD TO RETRACTABLE TECHNOLOGIES, INC. COMPLAINT AND COUNTERCLAIMS

Defendant Occupational & Medical Innovations, Ltd. ("OMI") hereby answers Plaintiff Retractable Technologies, Inc. ("RTI") Complaint for patent infringement and related causes of action ("Complaint") as follows:

### THE PARTIES

1. OMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and therefore denies the same.

2. OMI admits the allegations of paragraph 2 of the Complaint.

### JURISDICTION AND VENUE

3. OMI denies the allegations in paragraph 3 of the Complaint.

4. OMI admits that subject matter jurisdiction is proper.

5. OMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies the same.

6. In response to paragraph 6 of the Complaint, OMI denies that venue is proper because OMI is not subject to personal jurisdiction in this Court.

## INTRODUCTION

7. OMI denies the allegations in paragraph 7 of the Complaint.

## BACKGROUND FACTS

8. OMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies the same.

9. OMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies the same.

10. OMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies the same.

11. OMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies the same.

12. OMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies the same.

13. OMI admits that it entered into a contract with China Medical Group Inc. on October 28, 2003 for the manufacture of its own safety syringe and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies the same.

14. OMI denies the allegations in paragraph 14 of the Complaint.

15. OMI denies the allegations in paragraph 15 of the Complaint.

16. OMI admits that it has its own retractable syringe design at least as of October 28, 2003, that it made certain statements to the Australian Stock Exchange by written market notices regarding the development of its retractable syringe, and that the then-chairman of OMI made a statement, to the effect of that pleaded in paragraph 16, at the 2004 Annual General Meeting of OMI, but otherwise denies the allegations in paragraph 16 of the Complaint.

17. OMI denies the allegations in paragraph 17 of the Complaint.

18. OMI denies the allegations of paragraph 18 of the Complaint.

19. OMI admits that it first made a public announcement regarding its commercial relationship with Cardinal Health on September 24, 2007, but otherwise denies the allegations in paragraph 19 of the Complaint.

20. OMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies the same.

21. OMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies the same.

22. OMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies the same.

23. OMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore denies the same.

24. OMI denies the allegations of paragraph 24 of the Complaint.

25. OMI admits that it attended Medica 2007 in Dusseldorf, Germany and distributed a certain brochure, but denies that Exhibit C to the Complaint is a copy of that distributed brochure. Otherwise, OMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies the same.

26. OMI admits that Exhibit C to the Complaint states was it states but otherwise denies the allegations of paragraph 26 of the Complaint.

27. OMI denies the allegations of paragraph 27 of the Complaint.

28. OMI admits that, by its legal counsel, it received a letter from RTI, dated December 10, 2007, requesting a detailed disclosure of certain OMI confidential information, but otherwise denies the allegations of paragraph 28 of the Complaint.

29. OMI admits that received the 2004 Australian Design Award for a syringe having a retractable needle but otherwise denies the allegations of paragraph 29 of the Complaint.

30. OMI denies the allegations of paragraph 30 of the Complaint.

## THE PATENTS-IN-SUIT

31. OMI admits that the '584 patent is entitled "Retractable Syringe With Reduced Retraction Force," and on its face names Thomas J. Shaw, Judy Zhu and Diane Rutherford as inventors, names Retractable Technologies, Inc. as assignee, and lists June 3, 2003 as the issue date. OMI denies the remaining allegations in paragraph 31 of the Complaint.

32. OMI admits that the '584 patent is entitled "Retractable Syringe Assembly Designed For One Use," and on its face names Thomas J. Shaw as inventor and lists April 1, 2008 as the issue date. OMI denies the remaining allegations in paragraph 32 of the Complaint.

33. OMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore denies the same.

34. OMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore denies the same.

## COUNT I
## (PATENT INFRINGEMENT)

35. OMI incorporates by reference its responses to paragraphs 1-34 of the Complaint.

36. OMI denies the allegations of paragraph 36 of the Complaint.

37. OMI denies the allegations of paragraph 37 of the Complaint.

38. OMI denies the allegations of paragraph 38 of the Complaint.

39. OMI denies the allegations of paragraph 39 of the Complaint.

## COUNT II
## (TRADE SECRET MISAPPROPRIATION)

40. OMI incorporates by reference its responses to paragraphs 1-39 of the Complaint.

41. OMI denies the allegations of paragraph 41 of the Complaint.

42. OMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies the same.

43. OMI denies the allegations of paragraph 43 of the Complaint.

## COUNT III
## (CONVERSION)

44. OMI incorporates by reference its responses to paragraphs 1-43 of the Complaint.

45. OMI lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 45 that "[t]he confidential information regarding [RTI's] VanishPoint® syringes is the rightful property of Retractable." OMI denies the remaining allegations of paragraph 45 of the Complaint.

46. OMI denies the allegations of paragraph 46 of the Complaint.

## COUNT IV
## (INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS)

47. OMI incorporates by reference its responses to paragraphs 1-46 of the Complaint.

48. OMI denies the allegations of paragraph 48 of the Complaint.

49. OMI denies the allegations of paragraph 49 of the Complaint.

## COUNT V
## (UNFAIR COMPETITION AND FALSE ADVERTISING)

50. OMI incorporates by reference its responses to paragraphs 1-49 of the Complaint.

51. OMI denies the allegations of paragraph 51 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE
## (Non-Infringement)

52. OMI does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of the one or more claims asserted by RTI of the '584 or '224 patents, individually or collectively.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity under 35 U.S.C. §§ 101, 102, 103 and 112)

53. One or more claims asserted by RTI of the '584 or '224 patents are invalid for failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103 and 112.

## THIRD AFFIRMATIVE DEFENSE
### (Inequitable Conduct)

54. OMI believes that discovery will provide facts that will show that each of the patents-in-suit is unenforceable for inequitable conduct committed before the United States Patent and Trademark Office during the prosecution of the applications that issued as the patents-in-suit and/or related applications.

## FOURTH AFFIRMATIVE DEFENSE
### (Reservation of Defenses)

55. OMI reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or equity, that may now or in the future be available based on discovery or any other factual investigation concerning this case.

## OMI'S COUNTERCLAIMS

Counterclaim Plaintiff Occupational & Medical Innovations, Ltd. ("OMI") hereby alleges the following counterclaims against Counterdefendant RTI:

## THE PARTIES

1. OMI is an Australian listed company, having its registered company office at Unit 1, 12 Booran Drive, Slacks Creek in the State of Queensland, Australia 4127.

2. On information and belief, RTI is a Texas corporation, having a principal place of business in Little Elm, Collin County, Texas.

3.

## JURISDICTION AND VENUE

4. OMI brings this action under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201, to obtain a declaration that the counterclaim-patents are not infringed by OMI, invalid and/or unenforceable.

5. Subject matter jurisdiction is proper under 28 U.S.C. §§ 1131 and 1331(a).

6. RTI has submitted to the personal jurisdiction of this Court.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400 because RTI filed this action in this district.

8. RTI purports to be the sole holder of the entire right, title and interest in the '584 patent and the exclusive licensee to the '224 patent (the "counterclaim-patents").

9. RTI has sued OMI in the present action, alleging infringement of one or more claims of the counterclaim-patents. Thus, an immediate, real and justiciable controversy exists between RTI and OMI with respect to the alleged infringement of the counterclaim-patents.

## FIRST COUNTERCLAIM
### (Declaratory Judgment Regarding Non-Infringement)

10. OMI incorporates by reference paragraphs 1-8 of these counterclaims as if fully set forth herein.

11. OMI requests a declaratory judgment that OMI has not infringed and is not infringing, literally or under the doctrine of equivalents, any valid and enforceable claims of the each of the counterclaim-patents, directly, contributorily, or by inducement.

## SECOND COUNTERCLAIM
### (Declaratory Judgment Regarding Invalidity)

12. OMI incorporates by reference paragraphs 1-8 of these counterclaims as if fully set forth herein.

13. OMI requests a declaratory judgment that each claim of the counterclaim-patents is invalid for failure to satisfy one or more of the requirements of the Patent Laws of the United States, including the requirements of 35 U.S.C. §§ 101, 102, 103 and 112.

### THIRD COUNTERCLAIM
### (Declaratory Judgment Regarding Unenforceability)

14. OMI incorporates by reference paragraphs 1-8 of these counterclaims as if fully set forth herein.

15. OMI requests a declaratory judgment that each claim of the counterclaim-patents is unenforceable for inequitable conduct committed before the United States Patent and Trademark Office during the prosecution of the applications that issued as the above patents and/or related applications.

### PRAYER FOR RELIEF

THEREFORE, OMI prays that the Court grant it the following relief:

(1) Deny any and all relief requested by RTI, as set forth in the Prayer of the Complaint, and dismiss the Complaint with prejudice

(2) Declare that OMI has not infringed and is not infringing, literally or under the doctrine of equivalents, any valid and enforceable claims of the each of the counterclaim-patents, directly, contributorily, or by inducement;

(3) Declare that the counterclaim-patents are invalid;

(4) Declare that the counterclaim-patents are unenforceable for inequitable conduct;

(5) Declare this case to be exceptional as against RTI and award OMI its reasonable attorneys fees and costs; and

(6) Grant OMI such other relief as this Court deems just and proper.

Date: <u>August 6, 2008</u>        Respectfully submitted,


        <u>/s/Scott W. Clark</u>

        Susan K. Knoll
          Texas Bar No. 11616900
        Scott W. Clark
          Texas Bar No. 24007003
        **HOWREY LLP**
        1111 Louisiana, 25th Floor
        Houston, TX 77002-5242
        Telephone: 713.787.1400
        Facsimile:  713.787.1440
        Email: knolls@howrey.com
        Email: clarks@howrey.com


        *Attorneys for Defendant and*
        *Counterclaim Plaintiff*
        **OCCUPATIONAL & MEDICAL**
        **INNOVATIONS, LTD.**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and forgoing instrument was served upon all counsel of record, who are deemed to have consented to electronic service via the Court's ECF system per Local Rule CV-5(a)(3) on the 6th day of August, 2008.

        <u>/s/Scott W. Clark</u>