

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| RETRACTABLE TECHNOLOGIES, INC., § § § Plaintiff § § vs. § § OCCUPATIONAL & MEDICAL § INNOVATIONS, LTD., § § Defendant | CASE NO. 6:08 CV 120 PATENT CASE |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(5) (Docket No. 5). Having considered the parties' written submissions, the Court **DENIES** the motion.

## BACKGROUND

Retractable Technologies, Inc. ("Retractable") filed the present action on April 1, 2008 alleging patent infringement and other common law causes of action against Occupational & Medical Innovations, Ltd. ("OMI"). Retractable is a Texas corporation having its principle place of business in Collin County, Texas. OMI is an Australian corporation having its principal place of business in Queensland, Australia. Summons was issued on June 12, 2008 and was served upon the C.E.O. of OMI, Matthew Austin, at OMI's executive offices on July 4th, 2008 by a private process server in Australia. OMI filed this motion on July 14. Subsequently, and presumably in response to OMI's motion, Retractable reissued citation on July 16, and it was served upon the Texas Secretary of State on August 8, 2008. OMI moves to dismiss under Federal Rule of Civil Procedure 12(b)(5) on the

basis of insufficiency of service. For the reasons set forth below, the Court denies OMI's motion.

## APPLICABLE LAW

Federal Rule of Civil Procedure 12(b)(5) provides a mechanism for dismissal of an action for improper or untimely service in violation of Rule 4. Specifically, Rule 4(h) governs the service of domestic and foreign corporations such as OMI. *Heirs of Estate of Anderson v. Sun Oil Crude*, No. 6:06-CV-194, 2007 WL 2592392 at *1 (E.D. Tex. September 4, 2007)(Davis, J.)(adopting report and recommendation of Love, Mag. J.). When service is attempted on a corporation "at a place not within any judicial district of the United States" service is accomplished in "any manner prescribed by Rule 4(f) for serving an individual except personal delivery under (f)(2)(C)(i)." FED. R. CIV. P. 4(h)(2). Rule 4(f) first provides for foreign service "by any internationally agreed means . . . such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Rule 4(f)(2)(A) provides that if no internationally agreed means exist, service is proper "by a method that is reasonably calculated to give notice as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction." Rule 4(f)(2)(A) allows personal service when foreign law specifically provides for personal service. *See In re Cyrus II P'ship*, No. 05-39857, 2008 WL 3330374 at *9 (Bankr. S.D. Tex. August 12, 2008); *see also Ryan v. Brunswick Corp.*, No. 02-CV-0133E(F), 2002 WL 1628933 at *1 n.5 (W.D.N.Y. May 31, 2002). Thus, personal service on a corporation in a foreign country is permissible under Rule 4(f)(2)(A) when allowed by foreign law, but not under Rule 4(f)(2)(C)(i) when foreign law is silent on personal service. Rule 4(f)(2)(A) incorporates, generally, the service rules of a foreign country as they apply

to the citizens of that country. *See Brockmeyer v. May*, 383 F.3d 798, 806 (9th Cir. 2004).[1] A foreign jurisdiction's service rules do not need to contain a special provision applicable to foreign litigants for Rule 4(f)(2)(A) to incorporate the foreign law.  Therefore, a foreign court's general service law, as applicable to its residents and citizens, will control for the purposes of Rule 4(f)(2)(A) as long as there is not some other, more specific, provision that mandates service by another method.  *See e.g., Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 644 (5th Cir. 1994).

**ANALYSIS**

Australia is not a Hague Service Convention signatory.  *Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters*, Feb. 10, 1969, 20 U.S.T. 361; T.I.A.S. no. 6338.  Therefore, Retractable relies on Rule 4(f)(2)(A) in arguing that personal service upon OMI's C.E.O. was proper.  OMI contends that the proper Australian law for determining service in this case is the law of Queensland, Australia, where OMI's principle place of business is located.  OMI argues that Retractable failed to comply with the service rules for serving foreign process in Queensland and therefore service was defective under Rule 4(f).

As in the United States, Australia has a dual court system.  *Lawson Decl.* at ¶ 7.  Rules for service in Australia appear both in its federal court procedure as well as its respective state court procedure rules.  Rule 4(f)(2)(A) does not specify, in a dual court system, which law will apply.  The rule only requires that the method of service be prescribed by foreign law "in its courts of general

---

[1] For example, the relevant foreign law contemplated by Rule 4(f)(2)(A) is usually interpreted as allowing "substituted service in Italy by delivery to the concierge of the building where the person to be served lives, as long as the method of service is likely to give the actual notice required by United States due process concepts." Gary N. Horlick, *A Practical Guide to Service of United States Process Abroad*, 14 Int'l Law. 637, 640 (1980).

3

jurisdiction." Retractable argues that the Australian Federal and State courts are courts of general jurisdiction and that personal service is provided for in both systems. *Id.* at ¶¶ 4, 6. While there is some debate over whether, as in the United States, the Federal courts of Australia are courts of limited jurisdiction,[2] the result in this case is the same.

The Australian Federal Court Rules have no specific provision dealing with foreign process being served in Australia. Rather, Order 7, rule 1 requires that "originating process be served personally on each respondent." Federal Court Rules O. 7 r. 1, available at *http://www.fedcourt.gov.au/how/how.html#legislation* (follow "Federal Court Rules" hyperlink; then follow "Federal Court Rules (Current)" hyperlink) (Austl.). Furthermore, Order 7, rule 2 provides that "personal service of a document is effected on . . . (b) a corporation — by leaving a copy of the document with some person apparently an officer of or in the service of the corporation and apparently of or above the age of sixteen years at the registered office of the corporation. . . ." *Id.* at O. 7 r. 2. Thus, the Federal Court Rules of Australia contemplate, and mandate, personal service upon a corporation.

Unlike the Australian Federal Rules, the service rules for the State of Queensland do have a specific provision that deals with service of foreign legal process. Rule 131 of Queensland's Uniform Civil Procedure Rules provides:

> (1) This rule applies if, in a civil or commercial matter before a court or tribunal of a foreign country (the foreign court)—
>     (a) the foreign court, by letter of request, requests service on a person in

---

[2] *See Jackson v. Sterling Indus. Ltd.*, 162 C.L.R. 612, 618 (Austl. 1987) ("Ordinarily, a superior court of record is a court of general jurisdiction which means that, even if there are limits to its jurisdiction, it will be presumed to have acted within it. That is a presumption which is denied to inferior courts and is denied to a federal court such as the Federal Court.").

>Queensland of any process or citation (the process) in the matter; and
>(b) the Attorney-General sends the request to the Supreme Court indicating that effect should be given to the process . . . .

*Uniform Civil Procedure Rules*, 1999, r. 131 (Qld., Austl.).  The rule also lists requirements and procedures to be followed if the above two conditions are met.  OMI contends that Retractable's failure to follow these procedures resulted in a failure of proper service.

Rule 131 does not apply in this case.  Neither this Court nor any other court has issued letters rogatory or letters of request.  OMI's argument would have the Court read this rule as being the only way that foreign process may be served in Queensland.  To the contrary, the rule's language is conditional rather than mandatary.  The rule specifies a particular procedure to be followed if letters of request are used to serve process in Queensland.  The Australian Attorney-General has clarified that "[a] party in another country who wishes to serve a party in Australia with documents issued by a foreign court should employ a private agent in Australia to serve the documents.  Letters of request are usually sent under a bilateral treaty or as a matter of international or judicial comity.  As delays can be expected in using formal channels a private agent should be used whenever possible."  Australian Government, Attorney-General's Department, *Service of Foreign Court Process in Australia* (October 23, 2006).[3]  In accordance with its language, Rule 131 does not mandate foreign process be served in Queensland using letters of request.  Therefore, for the purposes of Federal Rule of Civil Procedure 4(f)(2)(A), the relevant Australia service provision must come from the general service rules for Queensland.

The general rule in Queensland for service upon a corporation is similar to the federal rule.

---

[3] Available at
http://www.ag.gov.au/www/agd/agd.nsf/Page/Internationalcivilprocedure_ServiceofforeigncourtprocessinAustralia

Queensland courts require that corporations be served originating process in accordance with their Corporations Act. *Uniform Civil Procedure Rules*, 1999, r. 105, 107 (Qld, Austl.). The Corporations Act specifies that service may be affected by "delivering a copy of the document personally to a director of the company who resides in Australia . . . ." Corporations Act, 2001, § 109X (Austl.). As the complaint and citation were served personally on OMI's C.E.O. at their corporate offices in Queensland, service was proper under Australian Federal law, Queensland law, and Federal Rule of Civil Procedure 4(f)(2)(A).

## CONCLUSION

After considering the standards of Rule 4(f) and its incorporation of relevant Australian law, the personal service upon Matthew Austin in Queensland on July 4th was sufficient and proper. Since service upon OMI in Australia was proper, there is no need address the reissued citation that was served upon the Texas Secretary of State in accordance with the Texas long-arm statute. The requirements of Rule 4 have been satisfied. Accordingly, OMI's motion to dismiss is **DENIED**.

**So ORDERED and SIGNED this 11th day of September, 2008.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**