IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| RETRACTABLE TECHNOLOGIES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 6:08-cv-00120-LED |
| v. | § | |
| | § | |
| OCCUPATIONAL & MEDICAL INNOVATIONS, LTD., | § | (JURY TRIAL) |
| | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT OCCUPATIONAL & MEDICAL INNOVATIONS, LTD.'S
MOTION FOR JUDGMENT AS A MATTER OF LAW**

Pursuant to Fed. R. Civ. P. 50, Defendant Occupational & Medical Innovations, Ltd. ("OMI") moves for Judgment as a Matter of Law on the following grounds.

## I. NON-INFRINGEMENT

### 1. OMI's Syringes Do Not Use Clamping Or Friction Force To Keep The Needle In The Needle In The Projecting Position Until Released

OMI is entitled, as a matter of law, to Judgment on Retractable Technologies, Inc.'s ("RTI") claim that OMI's syringe infringes asserted claims if the '584 patent on the grounds that there is a complete absence of proof that the accused device uses clamping or friction force to keep the needle in the projecting position until released.

All asserted claims of the '584 patent require a retainer or retainer member. Under the Court's claim construction, "a non-retractable part of the retraction mechanism that uses some clamping or frictional force to keep the needle in the projecting position until released."

In OMI's syringes, any frictional force between the barrel and needle holder provides a fluid seal. It does not keep the needle in the projecting position until released as required by the

claims, because the frictional force is less than the force of the spring. RTI has presented no evidence that the frictional force exceeds the force of the spring. In OMI's syringes, the needle holder is held in place against the force of the retraction spring by a flange that projects inwardly from the inside wall of the barrel. Without that flange, the needle holder would not be held in the projecting position until released. Use of a flange to hold the needle in the projecting position is not equivalent to use of friction for this purpose.

Mr. Sheehan's testimony that the friction force is greater than the force of the spring and is therefore sufficient to keep the needle in the projecting position is unsupported by any facts. His basis for this conclusion (that there is an interference fit between the needle holder and barrel and some slight deformation of the barrel around the needle holder) is only evidence that some friction force exists; it is not proof of the size of that force or proof that it exceeds the force of the spring.

There is no infringement under the doctrine of equivalents. When the patent describes problems with certain prior art mechanisms, and those mechanisms include the mechanism alleged to be equivalent to what is claimed, this is considered to be strong evidence that the allegedly equivalent mechanism operates in a substantially different way. *Dawn Equipment Co. v. Kentucky Farms, Inc.*, 140 F.3d 1009, 1016 (Fed. Cir.1998) and in the case *L.B. Plastics, Inc. v. Amerimax Home Products, Inc.*, 499 F.3d 1303, 1309 (Fed. Cir. 2007). The '584 patent criticizes U.S. Patent No. 5,084,018 (Tsao patent) for including a flange. ('584 patent col 1, l.66 – col. 2, 1.7) Therefore, the '584 patent specifically criticizes the very mechanism used in the OMI syringes and there can be no infringement under the doctrine of equivalents because the use of a flange to hold the needle holder in place and friction that only provides a fluid seal is not equivalent to using friction to hold the needle holder in place.

Accordingly, as a matter of law, Judgment of non-infringement as to all asserted claims of '584 patent should be entered because OMI's syringes do not include a retainer member as construed by the Court, either literally or under the doctrine of equivalents.

### 2. OMI's Syringes Do Not Have A Plunger Tip That Contacts The Retainer Member As Required By The Asserted '584 Patent Claims

OMI is entitled, as a matter of law, to Judgment on RTI's claim that OMI's syringe infringes the '584 patent on the grounds that RTI has offered no proof that the accused device includes the claimed plunger tip that contacts the retainer member as required by the '584 patent.

All asserted claims of the '584 patent require a plunger tip that contacts the retainer member (RTI asserts that the outer portion of the needle holder in OMI's syringes is a retainer member). Mr. Sheehan testified that the plunger seal, not the plunger tip, contacts the needle holder. (*See* December 16, 2009 Trial Transcript at pg. 51, l.11 – 52, l.3) Therefore, there is no literal infringement. Nor can there be infringement under the doctrine of equivalents, because RTI has distinguished contacting a retainer with the tip of the plunger from contacting it with the plunger seal.

Without any support and in conclusory fashion, Mr. Sheehan testified that the plunger tip contacts the retainer in OMI syringes. This unsupported conclusion is completely inconsistent with Mr. Sheehan's recognition that the plunger head includes two separate elements, the plunger seal itself and a front tip portion. Mr. Sheehan admitted that the seal contacts the needle holder in OMI's syringes. RTI has admitted this as well. (Stipulation No. 16) Accordingly, Mr. Sheehan's testimony that the plunger tip contacts the retainer (according to Mr. Sheehan, the needle holder) must be rejected. As a matter of law, there is no literal infringement.

RTI has not contended or put forth any evidence that this limitation is satisfied under the doctrine of equivalents.

Accordingly, as a matter of law, Judgment of non-infringement as to all asserted claims of '584 patent should be entered because the OMI syringes do not have a plunger tip that contacts the retainer member as required by the '584 patent claims

### 3. OMI's Syringes Do Not Have a Configured Plunger Tip As Required By Asserted The '584 Patent Claims

OMI is entitled, as a matter of law, to Judgment on RTI's claim that OMI's syringe infringes the '584 patent on the grounds that there is a complete absence of proof that the accused device includes a configured plunger tip.

All the asserted claims of the '584 patent require the plunger to have a configured tip. The specification defines Figure 17 as having a configured tip: "Tubular body 192 is a hollow body with a wall 198 which extends forward into a tip 200 at the front of plunger handle 190. Tip 200 is configured." ('584 patent col. 18, ll. 51-53) Additionally, the specification of '584 patent defines Figure 19 as having a configured tip:

> Tubular body 192 of Figs. 18 and 19 is a hollow body with a wall 198 extends forward into a tip 216 at the front of plunger handle 190. Tip 216 is configured for separating a transversely mounted retainer ring 66 from a retractable needle 22, 28 which is retracted by forward movement of the plunger at the end of an injection cycle.

('584 patent col. 19, l.65 – col. 20, l.4) The '584 patent does not describe the flat tip of Figure 1 as configured. Therefore, OMI's syringes do not literally infringe the asserted claims of the '584 patent because the plunger in OMI's syringes has a conventional, flat tip, not a modified "configured" tip.

Mr. Sheehan argues that OMI syringes infringe under the doctrine of equivalents. According to '584 patent specification, "[t]he beauty of the present invention is that a way has been found to reduce the force on the plunger required to retract the syringe without making any changes whatsoever to the retraction mechanism itself." ('584 Patent, Col. 23, ll. 31-33) This is

done by configuring the front tip of the plunger:

> In the best mode, it is believed that the stepped plunger tip is preferable to the sloped plunger although the exact shape and dimensions have not been optimized. It is clear that the basic principle of configuring the tip to apply all of the plunger force one part of the retainer ring before the plunger force is applied to the rest of the retainer ring is a fundamental principle regardless of the specific shape of the tip.

('584 Patent, Col. 23, ll. 40-47) When the claim language defines where a particular element is located, the doctrine of equivalents cannot be used to encompass moving the element to a different location because doing so would ignore the claim language defining where the element is located. *Moore U.S.A., Inc. v. Standard Register Co.*, 229 F.3d 1091, 1108-09 (Fed. Cir. 2000). As such, there is no infringement under the doctrine of equivalents

Accordingly, as a matter of law, Judgment of non-infringement as to all asserted claims of '584 patent should be entered because OMI syringes do not have a configured plunger tip as required by the '584 patent claims

### 4. Non-Asserted Claims of the '584 Patent

OMI is entitled to Judgment as a Matter of Law on the non-asserted claims of the '584 patent. RTI has not asserted claims 3-6, 8-17, 20-23, and 25-28 of the '584 patent. OMI has counterclaimed for a declaratory judgment of non-infringement, literally or under the doctrine of equivalents, of any valid and enforceable claims of '584 patent and has a right to judgment on these claims.

Accordingly, OMI is entitled, as a matter of law, to Judgment of non-infringement on the non-asserted claims of the '584 patent, given RTI's failure to offer any evidence of their infringement.

## II. MISAPPROPRIATION OF TRADE SECRETS

### 1. RTI Has Not Established That It Has Protectable Trade Secrets

OMI is entitled, as a matter of law, to Judgment against RTI's trade secret misappropriation claim on grounds that there is a complete absence of proof that RTI has protectable trade secrets under Texas law.

One who fails to take reasonable precautions to secure the secrecy of information cannot claim that information is a trade secret. *See Phillips v. Frey,* 20 F.3d 623, 630-31 (5th Cir. 1994) (Texas law). RTI failed to treat the technical information it allegedly transferred to Double Dove under § 18.2 of the 2002 and 2003 Manufacturing Agreements with Double Dove, which governs how trade secret information is to be disclosed. Texas law recognizes action for trade secret misappropriation, not confidential information misappropriation. *See Stewart & Stevenson Services, Inc. v. Serv-Tech, Inc.*, 879 S.W.2d 89, 99 (Tex. 1994) (there is no cause of action for misappropriation of confidential information that does not amount to trade secret). Neither RTI nor Double Dove followed any of these procedures designed to protect the alleged trade secrets. This complete lapse by RTI disqualifies RTI from now being able to claim that it had trade secrets.

Accordingly, as a matter of law, Judgment against RTI's trade secret misappropriation claim should be entered because RTI has not met its burden to show that it has legally protectable trade secrets.

### 2. RTI Has Not Established That OMI Used Any RTI Trade Secrets

OMI is entitled, as a matter of law, to Judgment on RTI's trade secret misappropriation claim on grounds that RTI has offered no proof that OMI used RTI confidential information in OMI's products or manufacturing process.

Under Texas law, in order to prevail with its trade secret misappropriation claim, RTI has the burden to prove that OMI used or disclosed RTI's asserted trade secrets. *See Trilogy Software, Inc. v. Callidus Software, Inc.*, 143 S.W.3d 452, 463 (Tex. App.—Austin 2004, pet. denied). RTI does not link each specific alleged trade secret to OMI's use of the alleged trade secrets in OMI's products or manufacturing methods. RTI has, at best, cited miscellaneous documents suggesting that an OMI employee had possession of an alleged RTI trade secret. However, evidence of possession is not evidence of use because it requires multiple inferences to reach the required showing of use, and "inferences stacked only upon inference is no evidence." *Id.* at 465.

RTI does not provide evidence of OMI's use of its asserted trade secrets because it fails to identify where in OMI's products or manufacturing methods OMI allegedly used RTI's asserted trade secrets. Accordingly, as a matter of law, Judgment against RTI's trade secret misappropriation should be entered because RTI has not met his burden to produce concrete facts showing that OMI used each alleged trade secret.

### 3.  RTI Has Not Established That RTI Suffered Any Damages As A Result Of OMI's Alleged Trade Secret Misappropriation

OMI is entitled, as a matter of law, to Judgment against RTI's misappropriation claim on grounds there is a complete absence of proof that RTI has suffered any damages.

RTI's trade secret misappropriation damage model assumes that OMI used RTI's trade secrets. Without evidence of use, RTI has no evidence of damage. Moreover, RTI offers no opinion on what the damages might be if OMI merely used RTI's alleged trade secrets in OMI's initial development of its products, even if it chose not to use RTI's alleged trade secrets in the ultimate OMI products. Thus, RTI has no evidence of damage if RTI's use theory is that OMI at one time used the alleged trade secrets, but ceased its use during OMI's development effort.

Without damages for its trade secret claim, this claim must fail because damages are a required element of this claim. *See Trilogy*, 143 S.W.3d at 463.

Accordingly, as a matter of law, Judgment against RTI's trade secret misappropriation should be entered because RTI has not met his burden to produce concrete and particular facts establishing trade secret damages.

### III. CONCLUSION

For the foregoing reasons, as mater of law, Judgment as a Matter of Law should enter in favor of OMI on all of RTI's claims.

Dated: : December 16, 2009

Respectfully Submitted

*/s/ Thomas A. Miller*
Thomas A. Miller
 Texas Bar No. 14116520
Stephen L. Lundwall
 Texas Bar No. 12696980
Kevin A. Keeling
 Texas Bar No. 24060075
Wade A. Johnson
 Texas Bar No. 24062197
HOWREY LLP
1111 Louisiana, 25th Floor
Houston, Texas 77002
Telephone: (713) 787-1400
Facsimile: (713) 787-1440
Email: millert@howrey.com
Email: lundwalls@howrey.com
Email: keelingk@howrey.com
Email: johnsonw@howrey.com

ATTORNEYS FOR DEFENDANT
OCCUPATIONAL & MEDICAL
 INNOVATIONS, LTD.

*Of Counsel*:

S. Calvin Capshaw
 Texas Bar No. 03783900
Elizabeth L. DeRieux
 Texas Bar No. 05770585
D. Jeffrey Rambin
 Texas Bar No. 00791478
Jessica Hannah
 Texas Bar No. 261802
CAPSHAW DERIEUX LLP
1127 Judson Road, Suite 200
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
Email: ccapshaw@capshawlaw.com
Email: ederieux@capshawlaw.com
Email: jrambin@capshawlaw.com
Email: jhannah@capshawlaw.com

9

**<u>CERTIFICATE OF SERVICE</u>**

   I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Local Rule CV-5(a)(3) on the 16th day of December, 2009.

           <u>/s/ *Thomas A. Miller*</u>
           Thomas A. Miller