# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **RETRACTABLE TECHNOLOGIES, INC.** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | CASE NO. 6:08 CV 120 | |
| § | | |
| **OCCUPATIONAL & MEDICAL** § | | |
| **INNOVATIONS, LTD.** § | | |
| § | | |
| Defendant. § | | |
| § | | |

## MEMORANDUM OPINION

The Court entered final judgment in this case on March 4, 2010. At the post-trial motions hearing on March 3, 2010, the Court **GRANTED** Plaintiff's Motion for Judgment and Prejudgment Interest (Docket No. 245), **GRANTED** Plaintiff's Motion for Injunction (Docket No. 246), and **DENIED** Defendant Occupational & Medical Innovations, Ltd.'s Motion for Judgment as a Matter of Law (Docket No. 247). This opinion sets forth the reasons for those orders. The opinion further sets forth the Court's findings of fact and conclusions of law regarding Defendant's equitable defense of inequitable conduct.

## BACKGROUND

On April 1, 2008, Retractable Technologies, Inc. ("Retractable") filed this action against Occupational and Medical Innovations, Ltd. ("OMI") alleging that OMI infringed the '584 Patent and misappropriated Retractable's trade secrets. U.S. Patent No. 6,572,584 (the "'584 Patent"), "Retractable Syringe with Reduced Retraction Force," issued on June 3, 2003 to Thomas Shaw, Judy Zhu, and Diane Rutherford. The '584 Patent describes a tamper proof retractable non-reusable

syringe. A jury trial commenced on December 14, 2009. At trial, Retractable contended that OMI infringed Claims 1, 2, 7, 18, 19, and 24 of the '584 Patent and misappropriated Retractable's trade secrets. In response, OMI asserted that its syringes did not infringe the patent, that the patent was invalid and unenforceable, and that it did not misappropriate any of Retractable's alleged trade secrets.

Following a five day trial, the jury returned a verdict that the '584 patent was not invalid and was infringed by OMI. The jury awarded RTI $2,240,640.00 in damages for trade secret misappropriation and $1,571,103.00 in damages for patent infringement.

## DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

### *Judgment as a Matter of Law Standard*

"The grant or denial of a motion for judgment as a matter of law is a procedural issue not unique to patent law, reviewed under the law of the regional circuit in which the appeal from the district court would usually lie." *Summit Tech. Inc. v. Nidek Co.*, 363 F.3d 1219, 1223 (Fed. Cir. 2004). In the Fifth Circuit, judgment as a matter of law may not be granted unless "there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did." *Hiltgen v. Sumrall*, 47 F.3d 695, 700 (5th Cir.1995) (internal quotation marks omitted). A court reviews all the evidence in the record and must draw all reasonable inferences in favor of the nonmoving party, however, a court may not make credibility determinations or weigh the evidence, as those are solely functions of the jury. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000).

### *Infringement*

OMI moves for judgment as a matter of law of non-infringement based on the retainer and contact limitations of the claims and the unasserted claims. First, OMI argued that its syringes do

not include the "some clamping or frictional force" requirement of the "retainer" element. The Court adopted the parties' partially-agreed construction and construed "retainer member" in Claim 1 and "transverse retainer" in Claims 18, 19, and 24 to mean "a non-retractable part of the retraction mechanism that uses *some* clamping or frictional force to keep the needle in the projecting position until released." Memorandum Opinion, at 7 (Docket No. 113) (emphasis added). Retractable presented more than sufficient evidence for the jury to find that OMI's syringes contain "some clamping or frictional force." TT 12/15/09 p.m. at 134:2–143:6, 145:4–151:9. The Court's construction clearly does not require that clamping or frictional force be the only method for keeping the needle in position. *See* Memorandum Opinion, at 7 (Docket No. 113). Further, the Court's use of "some" in characterizing the clamping or frictional force does not render the term indefinite. *See BJ Servs. Co. v. Halliburton Energy Servs., Inc.*, 338 F.3d 1368, 1372 (Fed. Cir. 2003).

Second, OMI argued that its syringes do not satisfy the "contact" limitation of Claim 1, which states "a front tip configured to contact and separate the retainer member," and of Claims 18 and 24, which state "the tip portion in contact with the transverse retainer member." The Court was not asked to and did not construe the term "contact." OMI argued that its syringes' plunger tips do not directly contact the retainers and that any argument about indirect contact is irrelevant because Retractable did not assert this limitation was met under the doctrine of equivalents. However, Retractable presented sufficient evidence for the jury to find that the contact limitation was satisfied in OMI's syringes. TT 12/15/09 p.m. at 161:6–162:4; TT 12/16/09 a.m. at 9:16–10:7, 23:8–13; TT 12/17/09 p.m. at 157:16–10. Further, the claim requires the tip only "to contact" or be "in contact" with the retainer and does not require direct contact. *See* '584 Patent, col. 25:22–49, 27:11–32.

Third, OMI argued for a judgment of non-infringement of the unasserted claims of the '584

Patent. However, OMI failed to present any evidence regarding non-infringement of the unasserted claims in support of its declaratory judgment counterclaim.

For these reasons, the Court **DENIED** OMI's motion for judgment as a matter of law on non-infringement.

*Invalidity*

OMI next moved for judgment as a matter of law of invalidity based on lack of enablement and failure to disclose the best mode. OMI argued that the '584 Patent fails to satisfy the enablement requirement because the specification does not enable the welding together of a retainer and a needle holder made of different materials, the forming of a needle holder and a retainer as a single piece from the same material, and the design of a separate retainer in light of the disclosed material for the retainer. Although OMI presented conclusory expert opinions in support of these contentions, the jury was entitled to discredit these opinions. *See* TT 12/17/09 p.m., col. 49:7–54:15; *Reeves*, 530 U.S. at 149 ("'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

OMI also argued that the '584 Patent is invalid for Retractable's failure to disclose the best mode regarding the material for the retainer and the plunger plug. However, Retractable presented evidence that Mr. Shaw, an inventor of the '584 Patent, believed that the disclosed materials were the best way to practice the invention at the time of filing the application. TT 12/14/09 p.m. at 153:12–154:16; *Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1223 (Fed. Cir. 2006) ("A finding of patent invalidity based on best mode [includes a] . . . factual test inquiring into . . . whether the inventor subjectively 'considered a particular mode of practicing the invention to be

superior to all other modes at the time of filing' the application." (quoting *Teleflex, Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1330 (Fed. Cir. 2002)). In addition, Mr. Shaw even provided an explanation for the different material in Retractable's commercial embodiment. TT 12/15/09 a.m. at 93:10–18.

For these reasons, the Court **DENIED** OMI's motion for judgment as a matter of law on patent invalidity.

*Misappropriation*

Finally, OMI moved for judgment as a matter of law regarding the statute of limitations for the trade secret misappropriation claim and argued that no reasonable juror could find that OMI misappropriated any of Retractable's trade secrets. First, OMI argued that Retractable knew of OMI's alleged misappropriation when OMI allegedly used RTI's packing material in March 2004, more than four years before Retractable brought suit. A trade secret misappropriation claim must be brought within three years after misappropriation is discovered or should have been discovered through the exercise of reasonable diligence. TEX. CIV. PRAC. & REM. CODE § 16.010(a). The elements of a trade secret misappropriation claim in Texas are: "(a) the existence of a trade secret; (b) a breach of a confidential relationship or improper discovery of the trade secret; (c) use of the trade secret; and (d) damages." *Taco Cabana Int'l, Inc. v. Two Pesos, Inc.*, 932 F.2d 1113, 1123 (5th Cir. 1991). Retractable presented evidence that it was not damaged or aware of any damage caused by OMI until 2008, when OMI had a commercially viable syringe that could be sold in the United States. TT 12/16/09 p.m. at 45:10–17, 92:12–93:17; TT 12/16/09 a.m. at 105:13–25; *see also Dallas Mkt. Ctr. Hotel Co. v. Beran & Shelmire*, 865 S.W.2d 145, 147 (Tex. App.—Corpus Christi 1993) ("[A] cause of action accrues, causing the statute of limitations to begin, when a party either actually

5

knew, or a reasonable person exercising reasonable diligence should have known, of the facts supporting each element of the cause of action." (citing *Burns v. Thomas*, 786 S.W.2d 266, 267 (Tex. 1990)). Thus, there was evidence for the jury to find that Retractable's trade secret misappropriation claim did not begin to accrue before the limitations date. Further, Retractable also presented sufficient evidence that OMI's fraudulent concealment tolled the status of limitations. *See e.g.*, TT 12/16/09 p.m. at 6:2–21; DX 857; *see also Arabian Shield Dev. Co. v. Hunt*, 808 S.W.2d 577, 584 (Tex. App.—Dallas 1991) ("Fraudulent concealment . . . tolls or suspends the statute of limitations . . . .").

OMI also argued that Retractable did not present sufficient evidence for the jury to conclude that OMI misappropriated Retractable's trade secrets. OMI asserted that there was not sufficient evidence showing that Retractable suffered damage caused by OMI or that Retractable's testing results were trade secrets that were improperly obtained by OMI. At trial, Retractable presented sufficient evidence for the jury to conclude that Retractable was damaged by OMI's selling of syringes that incorporated Retractable's trade secrets. TT 12/16/09 a.m. at 105:13–25; TT 12/16/09 p.m. 45:10–17, 92:12–93:16. Retractable also presented sufficient evidence that the packaging materials and processes are trade secrets and were used by OMI. *See, e.g.*, TT 12/15/09 a.m. at 28:12–18, 32:3–9, 53:3–12; TT 12/15/09 p.m. 50:3–57:20; TT 12/16/09 a.m. at 120:3–125:4; TT 12/16/09 p.m. at 3:14–13:9.

For these reasons, the Court **DENIED** OMI's motion for judgment as a matter of law on trade secret misappropriation.

# RETRACTABLE'S MOTION FOR
# JUDGMENT AND PREJUDGMENT INTEREST

Retractable moved for judgment and prejudgment interest. As damages for patent infringement and trade secret misappropriation were partly duplicative, Retractable moved for entry of judgment based on the jury's trade secret misappropriation verdict of $2,240,640.00 plus $749,458.00 for additional OMI syringes sold since July 2009, when OMI last updated its sales figures.

OMI argued that Retractable waived its right to seek damages on additional pre-verdict sales. However, it was OMI that failed to update its sales figures after June 2009 and did not comply with the Federal Rules. FED. R. CIV. P. 26(e)(1)(A) ("A party who has made a disclosure . . . must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ."). Accordingly, Retractable's motion for judgment was **GRANTED**, and Retractable was awarded $2,990,098.00 in damages, which included the sum found by the jury for trade secret misappropriation plus damages based on OMI's sales since July 2009).

Based on the Court's judgment on trade secret misappropriation, Retractable requested prejudgment interest at the rate set by the consumer credit commissioner based on the prime rate. TEX. FIN. CODE §§ 304.003, 304.103. The rate at the time of final judgment was 5% simple. OMI did not contest how to calculate the prejudgment interest rate on trade secret damages.

OMI argued that Retractable was not entitled to prejudgment interest because Retractable failed to timely file an expert report calculating prejudgment interest. However, Texas law on trade secret claims mandates the award of prejudgment interest. TEX. FIN. CODE §§ 304.102, 304.103; *see*

*also Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 529 (Tex. 1998). Accordingly, Retractable's motion for prejudgment interest was **GRANTED**, and Retractable was awarded prejudgment interest at 5% simple in the amount of $163,477.00.

## RETRACTABLE'S MOTION FOR INJUNCTION

Retractable moved for entry of a permanent injunction to prevent OMI, or any entity on its behalf, from making, using, importing, selling, and/or offering to sell OMI's syringes in the United States and its territories. The Court **GRANTED** the motion for injunction. The decision to grant or deny injunctive relief is within district courts' discretion, which should be exercised consistent with traditional principles of equity. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 394 (2006). A party is entitled to a permanent injunction only if: "1) [the party] has suffered an irreparable injury; 2) that remedies at law, such as monetary damages, are inadequate to compensate for that injury; 3) that, considering the balance of hardships between the [parties], a remedy in equity is warranted; and 4) that the public interest would not be disserved by a permanent injunction." *Id.* at 391.

Under the first and second *eBay* factors, Retractable showed that it would be irreparably harmed without a permanent injunction and that harm cannot be compensated with monetary damages. Retractable argued that OMI is unable to pay monetary damages because OMI is in bankruptcy, Retractable and OMI are direct competitors, and Retractable manufactures its own invention instead of licensing the technology. OMI countered that Retractable has not shown Retractable lost any market share and that Retractable did not seek a preliminary injunction. First, OMI's chief operating officer admitted that this case was a "make or break event" for OMI. TT 12/14/09 p.m. at 74:15–75:3. Then, two weeks after the jury returned its verdict in favor of Retractable, OMI went into the Australian equivalent of bankruptcy. *See* Lawson Declaration,

Exhibit B, Retractable's Motion for Injunction, at ¶¶ 4, 5 (Docket No. 246). Thus, it is highly probable that OMI would never be able to pay monetary damages to Retractable. Second, Retractable's VanishPoint syringes compete directly with OMI's syringes as exemplified by Cardinal being a customer of both Retractable and OMI. TT 12/15/09 a.m. at 65:24–66:13; *see also* TT 12/15/09 p.m. at 28:5–10. Third, Retractable has refused to license its technology to its direct competitors and would not license to OMI. TT 12/15/09 a.m. at 63:16–66:13. Accordingly, Retractable would be irreparably harmed if an injunction is not entered.

Under the second *eBay* factor, monetary damages are inadequate to compensate for Retractable's injury based on the reasons set forth above for *eBay* factor 1 regarding Retractable's irreparable injury. Thus, the first and second *eBay* factors heavily weigh in favor of an injunction.

Third, the balance of hardships favors Retractable. OMI argues that its weak financial position weighs in favor of OMI. However, OMI's financial position as a result of its infringement is irrelevant to the Court's injunction analysis. *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 863 (Fed. Cir. 2010) ("neither commercial success, nor sunk development costs, shield an infringer from injunctive relief"); *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 704 (Fed. Cir. 2008) ("'[o]ne who elects to build a business on a product found to infringe cannot be heard to complain if an injunction against continuing infringement destroys the business so elected'" (quoting *Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1003 (Fed. Cir. 1986)). In addition, retractable syringes are clearly the core of Retractable's business and made up more than 95% of Retractable's sales from 2003–2009. Duesman Declaration, Exhibit A, Retractable's Motion for Injunction, at ¶ 2 (Docket No. 246). Thus, the balance of hardships favors Retractable.

Fourth, a permanent injunction serves the public interest. OMI argues that maintaining a

strong patent system is a neutral factor. However, it is in the public interest to enforce patent rights and encourage innovation. *Abbott Labs. v. Sandoz, Inc.*, 544 F.3d 1341, 1362–63 (Fed. Cir. 2008). Further, Retractable presented evidence at trial that OMI's syringes may have gained the Food and Drug Administration's ("FDA") approval based on Retractable's testing data. TT 12/16/09 p.m. at 191:9–199:15, 216:8–16. Thus, OMI's syringes may not have been properly tested and may not meet the FDA's requirements. Finally, although Retractable admitted that retractable syringes should be widely distributed, OMI failed to refute Retractable's contention that Retractable can fully meet customer demand. *See* TT 12/16/09 p.m. at 17:17–18:4; Duesman Declaration, Exhibit B, Reply to Retractable's Motion for Injunction, at ¶ 4, (Docket No. 252). As a result, this fourth factor also slightly favors a permanent injunction.

For the scope of the injunction, OMI argued that Retractable cannot get an injunction on syringes it is also seeking damages on. Thus, the Court allowed OMI submit papers seeking credit for any syringes already covered by the damages amount. OMI never filed a motion.

Finally, OMI requested the Court to stay the injunction pending appeal based on its financial position and meritorious case. However, as discussed above, OMI's bankruptcy status is irrelevant. Further, the jury decided all infringement and invalidity issues against OMI. Accordingly, the Court declined to stay an injunction pending appeal. As all four *eBay* factors favor an injunction, Retractable's motion for permanent injunction was **GRANTED**. The Court entered the permanent injunction on March 4, 2010.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW
## REGARDING INEQUITABLE CONDUCT[1]

OMI moved the Court to find the '584 Patent invalid for inequitable conduct because the inventor failed to disclose the best mode of the invention. The standard for showing inequitable conduct is stringent and well known. "Inequitable conduct resides in failure to disclose material information, or submission of false material information, with an intent to deceive, and those two elements, materiality and intent, must be proven by clear and convincing evidence." *Kingsdown Med. Consultants, Ltd. v. Hollister Inc.*, 863 F.2d 867, 872 (Fed. Cir. 1988); *see also Praxair, Inc. v. ATMI, Inc.*, 543 F.3d 1306, 1313 (Fed. Cir. 2008). A court has discretion to invalidate a patent for inequitable conduct only after a showing of both materiality and intent to deceive. *Abbott*, 544 F.3d at 1353.

A patent must set forth the "best mode contemplated by the inventor of carrying out his invention." 35 U.S.C. § 112 ¶ 1. "Violation of the best mode requirement is a question of fact" for the jury. *High Concrete Structures, Inc. v. New Enter. Stone & Lime Co.*, 377 F.3d 1379, 1382 (Fed. Cir. 2004). OMI contended that the '584 Patent was invalid for failing to disclose the best mode, but the jury found that the '584 Patent was not invalid. Thus, the jury found that the best mode of practicing the invention was disclosed. Additionally, there was sufficient evidence to support the jury's finding. TT 12/14/09 p.m. at 153:12–154:16; TT 12/15/09 a.m. at 93:10–18. Further, the Court also finds that the best mode of the invention at the time of filing was disclosed. *Id.*; *see also* TT 12/16/10 p.m. at 245:18–246:23.

---

[1] To the extent that any conclusion of law is deemed to be a finding of fact, it is adopted as such; and likewise, any finding of fact that is deemed to be a conclusion of law is so adopted.

While "failure to disclose the best mode is inherently material," the jury and Court's finding that the best mode was disclosed shows that evidence of materiality is completely lacking. *See Consol. Aluminum Corp. v. Foseco Intern. Ltd.*, 910 F.2d 804, 808 (Fed. Cir. 1990). Thus, OMI cannot meet its high burden regarding intent. As a result, the Court did not find the '584 Patent invalid on the basis of inequitable conduct.

## CONCLUSION

For these reasons, the Court **GRANTED** Retractable's motion for judgment and prejudgment interest and motion for injunction and **DENIED** OMI's motion for judgment as a matter of law.

**So ORDERED and SIGNED this 11th day of August, 2010.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**